```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA      *    Case No. 12-CR-170(JBW)
                              *
                              *    Brooklyn, New York
                              *    July 9, 2012
      v.                      *
                              *
DAVID MANGUAL,                *
                              *
            Defendant.        *
                              *
* * * * * * * * * * * * * * * *

          TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
             BEFORE THE HONORABLE JOAN M. AZRACK
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:           UNA DEAN, ESQ.
                              Asst. United States Attorney
                              United States Attorney's Office
                              271 Cadman Plaza
                              Brooklyn, NY 11201


For the Defendant:            DAVID CHIDEKEL, ESQ.
                              575 Madison Avenue, Suite 1006
                              New York, NY  10022
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1          (Proceedings commenced at 3:39 p.m.)

2          THE CLERK:  This is criminal cause for pleading,
3  docket no. 12-CR-179, United States of America vs. David
4  Mangual.

5          Counselors, please state your appearances for the
6  record.

7          MS. DEAN:  Una Dean for the United States.  Good
8  afternoon, Your Honor.

9          MR. CHIDEKEL:  For Mr. Mangual, David Chidekel.
10 Your Honor, good afternoon.

11         THE COURT:  Good afternoon.  I'm sorry.  What did
12 you say your last name was?

13         MR. CHIDEKEL:  Chidekel, Your Honor.  C -- would
14 you like a card?

15         THE COURT:  Yes, that would be great.  A card
16 would be wonderful.

17         Mr. Mangual, good afternoon.  How are you?

18         THE DEFENDANT:  Good. How are you doing?

19         THE COURT:  Your case is assigned to Judge
20 Weinstein.  You can stay seated.  He's asked me, Magistrate
21 Azrack, to hear your guilty plea.  I cannot hear your plea
22 without your consent.

23         So is it all right with you if I hear your plea?

24         THE DEFENDANT:  Yes.

25         THE COURT:  All right. I have to ask you a series

```
1        of questions.
2                  As we go through this plea proceeding, please make
3        sure you understand my questions because you're going to be
4        under oath when you answer; sworn to tell the truth.
5                  THE DEFENDANT:  Yes.
6                  THE COURT:  If you gave a false answer to any of
7        my questions, you could be charged with the additional crime
8        of perjury.  Do you understand?
9                  THE DEFENDANT:  Yes, I do.
10          (The defendant is sworn.)
11                 THE COURT:  All right.  You can put your hand
12       down.  What is your full name?
13                 THE DEFENDANT:  David Mangual.
14                 THE COURT:  How old are you?
15                 THE DEFENDANT:  22.
16                 THE COURT:  How far did you go in school?
17                 THE DEFENDANT:  The first time for two years of
18       college. And then I stopped and I restarted again.
19                 THE COURT:  Are you presently under the care of
20       any doctors?
21                 THE DEFENDANT:  No.
22                 THE COURT:  In the past 24 hours, have you had any
23       narcotics, medicine, pills or alcohol.
24                 THE DEFENDANT:  No.
25                 THE COURT:  Have you ever been treated for a drug
```

4

1     addiction?
2              THE DEFENDANT:  No.
3              THE COURT:  Is your mind clear today?
4              THE DEFENDANT:  Yes.
5              THE COURT:  Do you understand what's going on here
6     today.
7              THE DEFENDANT:  Yes.
8              THE COURT:  Mr. Chidekel, did you discuss this
9     matter with your client?
10             MR. CHIDEKEL:  Yes, Your Honor, I have.
11             THE COURT:  And in your view does he understand
12    the rights he'll be waiving by pleading guilty?
13             MR. CHIDEKEL:  Yes, Your Honor, I have reviewed
14    them on multiple times and his family; with his mother, who
15    is here, and other family members as well.
16             THE COURT:  All right.  And do you have any doubt
17    about his competence?
18             MR. CHIDEKEL:  No, Your Honor. I'm fully
19    confident that Mr. Mangual clearly comprehends the error of
20    his ways and understands what his rights were and are.
21             THE COURT:  Did you discuss the maximum sentence
22    that can be imposed?
23             MR. CHIDEKEL:  Yes, Your Honor. We discussed the
24    plea offer, as well as the statutory situation of the
25    various options under the crimes that he is charged.

5

1       THE COURT:  And the sentencing guidelines.
2       MR. CHIDEKEL:  Absolutely, Your Honor. I provided
3  copies of all the papers, reviewed sentencing guidelines
4  with him.
5       THE COURT:  Okay.  Thank you.  Good.
6       MR. CHIDEKEL:  You're welcome.
7       Have you had enough time, Mr. Mangual, to discuss
8  your case with your lawyer?
9       THE DEFENDANT:  Yes.
10      THE COURT:  Are you satisfied to have him
11 represent you?
12      THE DEFENDANT:  Yes.
13      THE COURT:  Did you receive a copy of the
14 indictment containing the charges?
15      THE DEFENDANT:  Yes
16      THE COURT:  Did you read it carefully?
17      THE DEFENDANT:  Yes.
18      THE COURT:  Did you discuss the charges with your
19 attorney?
20      THE DEFENDANT:  Yes.
21      THE COURT:  Now you should understand you have a
22 right to plead not guilty to the charges contained in the
23 indictment. Do you understand?
24      THE DEFENDANT:  Yes.
25      THE COURT:  And if you plead not guilty, under our

6

1   Constitution, you are entitled to a speedy and public trial
2   by a jury with the assistance of your attorney; not only
3   assistance at trial, but assistance of counsel at all stages
4   of the case against you.
5           Do you understand that?
6           THE DEFENDANT:  Yes.
7           THE COURT:  At your trial, if you were to go to
8   trial, you'd be presumed innocent and the government would
9   have to overcome the presumption of innocence and the
10  government would have to prove your guilt by competent
11  evidence and beyond a reasonable doubt.  You would not have
12  to prove that you were innocent.
13          And if the government failed to prove your guilt
14  beyond a reasonable doubt, the jury in that situation would
15  then have a duty to find you not guilty.
16          Do you understand?
17          THE DEFENDANT:  Yes, I do.
18          THE COURT:  Also, if you went to trial, at trial
19  you should know that witnesses for the government would come
20  to court and they would testify before you, and your lawyer
21  could cross examine those witnesses, and he could object to
22  evidence offered by the government and he could also offer
23  evidence on your behalf, as well as issue subpoenas to
24  compel witnesses to come testify for you.
25          Do you understand that?

7

1    THE DEFENDANT: Yes.
2    THE COURT: Also at your trial, while you would
3    have a right to testify if you chose to, no one could force
4    you to testify and that's because under our constitution a
5    defendant in a criminal case cannot be forced to be a
6    witness against himself.
7    So if you went to trial and you decided you did
8    not want to testify at your trial, Judge Weinstein would
9    actually direct the jury that they couldn't hold the fact
10   that you hadn't testified against you.
11   Do you understand?
12   THE DEFENDANT: Yes.
13   THE COURT: Now, if you plead guilty and your plea
14   is accepted, you will be giving up your rights to the trial.
15   There'll be no trial of any kind and instead the
16   court will simply enter a judgement of guilty based on your
17   guilty plea here today.
18   Do you understand?
19   THE DEFENDANT: Yes.
20   THE COURT: Also, if you plead guilty, I have to
21   ask you questions about what you did because I have to be
22   satisfied that you are, in fact, guilty of the charge.
23   You will have to answer my questions and
24   acknowledge your guilt and when you do that, when you answer
25   my questions and acknowledge your guilt, you'll be giving up

8

1       the right not to be a witness against yourself.
2                   Do you understand?
3                   THE DEFENDANT:  I do.
4                   THE COURT:  Okay. All right. Mr. Mangual, are you
5       willing to give up your right to the trial?
6                   THE DEFENDANT:  Yes.
7                   THE COURT:  I'm going to hand you your plea
8       agreement.
9                   Have you read that plea agreement carefully?
10                  THE DEFENDANT:  Yes.
11                  THE COURT:  And after you read it carefully, did
12      you discuss it with your attorney?
13                  THE DEFENDANT:  Yes.
14                  THE COURT:  And after you two discussed the plea
15      agreement, did you understand everything in it?
16                  THE DEFENDANT:  I did.
17                  THE COURT:  Do you agree to the terms that are
18      contained in it?
19                  THE DEFENDANT:  Yes.
20                  THE COURT:  Did you sign it at the end to show
21      your agreement?
22                  THE DEFENDANT:  Yes.
23                  THE COURT:  Is that your signature there on the
24      last or second to last page?
25                  THE DEFENDANT:  Yes, it is.

9

1            THE COURT: Has anybody made any promise to you
2 about this criminal case that's not contained in the written
3 plea agreement?
4            THE DEFENDANT: No.
5            THE COURT: Has anyone made any specific promise
6 to you about what your sentence will be?
7            THE DEFENDANT: No.
8            THE COURT: All right. Let me have that back.
9 Let's review the penalties; the potential penalties.
10            There's a maximum term of imprisonment of ten
11 years. Do you understand?
12            THE DEFENDANT: Yes.
13            THE COURT: There is a term of supervised release
14 of at least five years and a maximum supervised release term
15 of life.
16            And supervised release is like a term of probation
17 in the sense that when you are on it for whatever term Judge
18 Weinstein sets, you're free and you're at liberty, but
19 you're under the supervision of the Probation Department and
20 you must abide by any conditions they set as part of that
21 supervision.
22            If you violate a condition of your supervised
23 release, depending on how serious the violation is, you
24 could be ordered to prison for up to two additional years.
25 Do you understand?

10

1           THE DEFENDANT: Yes.

2           THE COURT: Or under certain other circumstances, which is if you committed a criminal offense under Chapter 109(a)110 or 117 or Title 18, U.S. Code Section 1201, or 1591, you could face a term of -- additional term of imprisonment of up to five years.

          Do you understand?

8           THE DEFENDANT: Yes.

9           THE COURT: There's a fine of up to $250,000. Do you understand that?

11           THE DEFENDANT: Yes.

12           THE COURT: And this makes reference to some restitution. What's the restitution?

14           MS. DEAN: I believe it's referenced in paragraphs 12 through 16 and I don't know that a specific amount is actually set out.

17           THE COURT: Yes, Mr. Chidekel.

18           MR. CHIDEKEL: Your Honor, there was no specific discussion of an amount or a reason for it. At that point we were engaging in plea negotiations.

21           If something occurred that would come to the attention of the AUSA, and because there is a statutory provision, this language was included.

24           THE COURT: Okay. I understand.

25           So it may be that he's ordered to make some kind

11

1    of restitution. It will be up to Judge Weinstein.
2               MR. CHIDEKEL:   Yes, and that was explained to
3    him.        THE COURT:   Understand, Mr. Mangual?
4               THE DEFENDANT:   Yes.
5               THE COURT:   Okay.  There's a mandatory $100
6    special assessment.  Do you understand that?
7               THE DEFENDANT:   Yes.
8               THE COURT:   And then you will be -- let's see.
9    Some of your property, which is referred to in paragraphs 5
10   through 9, will be subject to forfeiture.  Do you understand
11   that?
12              THE DEFENDANT:   Yes.
13              THE COURT:   And you will have to register as a sex
14   offender.  Do you understand that?
15              THE DEFENDANT:   Yes.
16              THE COURT:   Now have you and Mr. Chidekel
17   discussed the sentencing guidelines?
18              THE DEFENDANT:   Yes.
19              THE COURT:   Do you understand that the sentencing
20   guidelines, which used to be mandatory for judges to follow
21   in sentencing, are no longer mandatory, but are now what we
22   call advisory.
23              And that means that Judge Weinstein will look to
24   the guidelines to see what they would call for your case, as
25   well as consider many other factors about you prior to

1    deciding what your sentence should be.
2                Do you understand?
3                THE DEFENDANT:  Yes.
4                THE COURT:  Also, prior to your sentencing, you
5    will get a chance to read a document called a pre-sentence
6    report that's prepared by the Probation Department that is
7    all about you. It recommends a guideline to the judge.
8                If you think there's anything factually incorrect
9    in that, you can have a hearing on what you believe is
10   factually incorrect prior to your sentencing.
11               Do you understand?
12               THE DEFENDANT:  Yes.
13               THE COURT:  And in certain limited circumstances
14   you can appeal your sentence but I see in paragraph 4 of
15   your plea agreement you've agreed not to appeal your
16   sentence or challenge your conviction if you receive a
17   sentence of 108 months or less.
18               Do you understand that you can't appeal anything
19   unless you receive a sentence of more than 108 months?
20               THE DEFENDANT:  Yes.
21               THE COURT:  Understand?
22               THE DEFENDANT:  Yes.
23               THE COURT:  Is there anything else from the plea
24   agreement you'd like me to review, Ms. Dean?
25               MS. DEAN:  No, Your Honor. I don't think so.

1    THE COURT:  Is there anything else you'd like me
2    to review, Mr. Chidekel?
3    MR. CHIDEKEL:  No, thank you, Your Honor.
4    THE COURT:  Okay.  Do you have any questions you
5    want to ask about the -- well, wait.  Let me see.
6    Is there a guideline estimate, Ms. Dean?
7    MS. DEAN:  There is, Your Honor.
8    Assuming all three points for acceptance of
9    responsibility, and assuming a criminal history category of
10   one the Office's estimate is an offense level of 28, which
11   amounts to 78 to 97 months.
12   THE COURT:  Okay.
13   MS. DEAN:  And there are a number of enhancements
14   that are set forth on page 3 of the plea agreement.
15   THE COURT:  Okay.  Do you have an estimate, Mr.
16   Chidekel?  A guideline estimate?
17   MR. CHIDEKEL:  Yes, in front of us in the plea
18   agreement.
19   THE COURT:  And that is your estimate as well.
20   MR. CHIDEKEL:  Yes, Your Honor. One thing that --
21   just to be clear, and I'm sorry that this came up at this
22   point.
23   There is an enhancement of five points that the
24   assigned AUSA and I have discussed that I have the right to
25   challenge.

14

1   THE COURT: Okay.
2   MR. CHIDEKEL: And other than that, we share the
3   analysis.
4   THE COURT: So Mr. Mangual, these are just
5   estimates. It's kind of like educated guesses. They don't
6   bind the judge. It's just to give you an idea of what the
7   guideline sentence may be. Understand?
8   THE DEFENDANT: Yes.
9   THE COURT: Okay. Do you have any questions you
10  want to ask about the charge, your rights or anything else
11  relating to this matter?
12  THE DEFENDANT: No. No, I don't.
13  THE COURT: Are you ready to plead?
14  THE DEFENDANT: Yes.
15  THE COURT: Mr. Chidekel, do you know of any
16  reason why your client should not plead guilty?
17  MR. CHIDEKEL: No, Your Honor. I know of no
18  reason at this point.
19  THE COURT: What is your plea to Count 4; guilty
20  or not guilty?
21  THE DEFENDANT: Guilty.
22  THE COURT: Are you making this plea of guilty
23  voluntarily and of your own free will?
24  THE DEFENDANT: Yes,
25  THE COURT: Has anybody threatened or forced you

```
 1        to you plead guilty?
 2                   THE DEFENDANT:  No.
 3                   THE COURT:  Tell me in your own words what it is
 4        that you did to commit the crime charged in Count 4.
 5                   THE DEFENDANT:  I downloaded some adult
 6        pornographic videos, some of which involved minors.
 7                   THE COURT:  And when did you do that?
 8                   THE DEFENDANT:  Before  -- over the course of a
 9        few years.
10                   THE COURT:  Well, did you do it on or about April
11        29th of 2011?
12                   THE DEFENDANT:  Before that, yes.
13                   THE COURT:  And where were you when you did that?
14        Were you in Brooklyn, Queens, Staten Island?
15                   THE DEFENDANT:  Brooklyn.
16                   THE COURT:  And had these -- were these videos and
17        images contained in computer files?
18                   THE DEFENDANT:  Yes.
19                   THE COURT:  And were they on a -- you looked at
20        them on a laptop?
21                   THE DEFENDANT:  Yes.
22                   THE COURT:  And so they had come through
23        interstate commerce?
24                   THE DEFENDANT:  Yes.
25                   THE COURT:  And did they include visual depictions
```

1    or one or more minors engaging in sexually explicit conduct?
2           THE DEFENDANT: Yes.
3           THE COURT: Ms. Dean, anything else?
4           THE DEFENDANT: No, Your Honor. That suffices.
5           THE COURT: Based on the information I've heard I
6    find that Mr. Mangual is acting voluntarily, he fully
7    understands his rights and the consequences of his plea and
8    that there is an adequate factual basis for his plea.
9           So I recommend to Judge Weinstein that he accept
10   the plea of guilty.
11          Is there a sentencing date?
12          THE CLERK: The sentencing date has been
13   tentatively set for November 9th, 2012 at 10:00 a.m.
14   However, that's subject to an expedited schedule that may be
15   set with Judge Weinstein.
16          THE COURT: And your bail -- you can continue on
17   bail.
18          THE DEFENDANT: Yes.
19          THE COURT: Okay. Thank you.
20          MS. DEAN: Thank you, Your Honor.
21          MR. CHIDEKEL: Thank you.
22          (Proceedings concluded at 3:54 p.m.)
23     I, CHRISTINE FIORE, court-approved transcriber and
24   certified electronic reporter and transcriber, certify that
25   the foregoing is a correct transcript from the official

17

1  electronic sound recording of the proceedings in the above-
2  entitled matter.
3
4  *Christine Fiore*
5  _____          August 22, 2012
6  Christine Fiore, CERT